IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PAUL JENSEN,<br><br>      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:14-cv-00892-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

      This case was referred to the court under 28 U.S.C. 636(b)(1)(B). (ECF No. 24). Currently pending before the court is Plaintiff Paul Jensen's appeal of the Commissioner of Social Security's decision denying Plaintiff's claim for Supplemental Security Income. Having considered the parties' briefs, the administrative record, and the relevant law, this court **RECOMMENDS** that the District Court **AFFIRM** the Commissioner's decision.

## I.    PROCEDURAL HISTORY

      Plaintiff alleges a disability onset date of March 22, 2011. (Tr. 231). Plaintiff's application for benefits was denied initially on July 20, 2011, and upon reconsideration on October 26, 2011. (Tr. 130, 138). Plaintiff sought a hearing before an ALJ, which took place on March 12, 2013. (Tr. 19). On March 27, 2013, ALJ Robin L. Henrie issued a written decision finding Plaintiff not disabled. (Tr. 12–38). The Appeals Council denied Plaintiff's request for review on October 6, 2014, making ALJ Henrie's decision the final decision of the Commissioner. (Tr. 1–3).

## II. FACTUAL BACKGROUND

Plaintiff was born December 16, 1994. (Tr. 110). He applied for benefits at sixteen-years old and turned eighteen a few months before the administrative hearing before the ALJ. (*See* Tr. 12). Plaintiff has no work history and alleges disability based on depression, anxiety, attention deficit hyperactivity disorder ("ADHD"), mood disorder, and post-traumatic stress disorder ("PTSD"). (Tr. 241, 268).

The medical records suggest Plaintiff had a long history of childhood mental health issues, including diagnoses of depression and anxiety. (*E.g.*, Tr. 429, 430, 481, 486, 491). Plaintiff made several visits to emergency rooms as early as age thirteen, and received inpatient mental health treatment. (Tr. 381, 479, 486–89). Plaintiff responded well to certain instances of medication and counseling. (Tr. 433, 470). Plaintiff and his mother testified about his various ailments and difficulties in school and daily life. (Tr. 53–104). They both also testified about an incident in which Plaintiff became violent resulting in a police response and ultimately led to Plaintiff being tased and arrested. (Tr. 80–83, 98).

Plaintiff also began abusing alcohol at age ten and abusing marijuana at age twelve. (Tr. 487). Plaintiff's mother testified he abused marijuana daily, including on the date of the hearing before the ALJ. (Tr. 75). Plaintiff confirmed his daily marijuana use. (Tr. 91). Plaintiff also admitted abusing cocaine and mushrooms as a minor. (Tr. 97).

*Summary of Material Medical opinions*

Various treating physicians support Plaintiff's claims regarding mood disorder, PTSD, anxiety, substance abuse, (Tr. 409–12, 468–69, 481–84). Plaintiff's treating physicians recommended a number of accommodations to benefit Plaintiff at school. (Tr. 467, 469).

State Agency physician Alice Lingen reviewed Plaintiff's medical records. (*See* Tr. 115). Dr. Lingen concluded Plaintiff's ADHD was severe, but did not meet, medically equal, or functionally equal the ADHD Listing 112.11. (Tr. 115–16).

State Agency physician Melvin Sawyer independently reviewed Plaintiff's medical records. (Tr. 125). Similar to Dr. Lingen, Dr. Sawyer concluded Plaintiff's ADHD was severe, but did not meet, medically equal, or functionally equal the ADHD Listing 112.11. (Tr. 125–27).

### III. STATEMENT OF RELEVANT LAW

Plaintiff was under the age of eighteen when he filed his application for benefits and attained age eighteen before the date of the ALJ's decision. Accordingly, the ALJ considered whether Plaintiff was disabled while he was a minor and an adult.

#### a. Standard for disability

##### 1. *Minors*

A person under age eighteen is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 1382c(C)(i). "An impairment(s) causes marked and severe functional limitations if it meets or medically equals the severity of a set of criteria for an impairment in the listings, or if it functionally equals the listings." 20 C.F.R. § 416.924(d). In determining whether an impairment or combination of impairments functionally equals the listings, the ALJ must assess the claimant's functioning in terms of six domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

### 2. *Adults*

The Act states that an adult is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). The disabling impairment must last, or be expected to last, for at least twelve consecutive months. *Id.*; *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002).

## b. Process for determining disability under the Act

### 1. *Minors*

To determine whether a minor claimant is disabled, Social Security regulations set forth a three-step sequential evaluation process. The adjudicator considers whether the minor claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment or combination of impairments, and (3) had a condition that met, medically equaled, or functionally equaled the severity of a listed impairment. 20 C.F.R. § 416.924(a). If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id.*

### 2. *Adults*

To determine whether an adult claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process. The adjudicator considers whether a claimant: (1) engaged in substantial gainful activity during the alleged disability period, (2) had a severe impairment, (3) had a condition that met or medically equaled the severity of a listed impairment, (4) could return to his past relevant work, and if not (5) could perform other work in the national economy. 20 C.F.R. § 404.1520(a)(4). If a decision regarding the claimant's

disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary. *Id*.

### c. Standard of review

A district court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings, and whether the correct legal standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Where the evidence as a whole can support the agency's decision or an award of benefits, the court must affirm the agency's decision. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## IV. THE ALJ'S DECISION

At step one of both the adult and minor processes, ALJ Henrie found that Plaintiff has not engaged in substantial gainful activity since the application was filed, March 30, 2011. (Tr. 16). At step two of both the adult and minor processes, the ALJ found that Plaintiff suffered from six impairments that were severe or severe in combination: attention deficit hyperactivity disorder ("ADHD"), depression, anxiety, polysubstance abuse, post-traumatic-stress disorder ("PTSD"), and a mood disorder. (Tr. 17, 29). At step three of the process governing minor disability, the ALJ found that claimant did not meet any listed impairment, equal any listed impairment, or have the functional equivalent of a listed impairment. (Tr. 17–28). At step three of the process governing adult disability the ALJ found Plaintiff met the listings for substance abuse, depressive syndrome, and anxiety disorders. (Tr. 29–32). The ALJ concluded, however, that Plaintiff was not entitled to benefits because he would not meet any listing if he stopped his substance abuse.

5

(Tr. 32) At step four, the ALJ noted that Plaintiff had no past relevant work. (Tr. 36). At step five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy if Plaintiff ceased his substance abuse. (Tr. 36–37). The ALJ's step-five finding was based, in part, on vocational-expert testimony. (*See id.*; Tr. 105).

## V. DISCUSSION

Plaintiff asserts the ALJ committed four errors. First, Plaintiff argues the ALJ failed to consider whether Plaintiff met the listing for Attention Deficit Hyperactivity Disorder ("ADHD"), 20 CFR 404 Subpart P, App'x 1, (Part B) 112.11 ("Listing 112.11" or "ADHD Listing"). (ECF No. 23 at 15–17). Second, Plaintiff argues the ALJ failed to adequately discuss how substance abuse disorder could be separated from Plaintiff's mental disorders. (*Id.* at 17–18). Third, Plaintiff contends the ALJ should have concluded Plaintiff suffered marked limitations in acquiring and using information, and thus found him disabled according to the standard applicable to minors. (*Id.* at 18–21). Fourth, Plaintiff urges that he and his mother offered credible testimony. (*Id.* at 21–22). The court will address these arguments in the order Plaintiff raises them.

### a. The ALJ adequately considered whether Plaintiff met or functionally equaled the ADHD Listing applicable to children

Plaintiff fails to identify any reversible error in the ALJ's analysis at step three in the process for determining disability of a minor. First, Plaintiff does not clearly identify the legal standard applicable to the court's analysis. Aside from the various disability standards listed in the regulations and the ALJ's opinion itself, Plaintiff cites only the dissenting opinion from *Wall v. Astrue*, 561 F.3d 1048. (*See* ECF No. 23 at 15–17). To the extent Plaintiff seeks to overturn the majority's position in *Wall*, this court is unable to provide the relief he seeks.

Giving Plaintiff the benefit of the doubt, his brief could be read to suggest the record lacks substantial evidence to support the ALJ's finding that Plaintiff did not meet or equal the ADHD Listing. Plaintiff's argument could also be read to suggest that the ALJ had some unspecified duty to explicitly reference each listing related to any severe impairment the ALJ indicated Plaintiff suffers. In either case, the court finds no harmful error.

First, the ALJ's decision is supported by substantial evidence. As the Commissioner notes, the ALJ elected to afford "great weight" to State Agency physician Alice Lingen, who expressly cited Listing 112.11 and concluded Plaintiff's ADHD was severe, but did not meet, medically equal, or functionally equal Listing 112.11. (Tr. 21, 115–16). The ALJ also afforded the same weight to State Agency physician Melvin Sawyer who reached the same conclusions and, again, expressly cited Listing 112.11. (Tr. 21, 125–27) These opinions provide substantial evidence for the ALJ's decision which found Plaintiff did not meet or equal any listed childhood impairment. (*See* Tr. 17).

Second, the court rejects any suggestion that the ALJ had an absolute duty to expressly mention Listing112.11 when finding Plaintiff did not equal a listing. As an initial matter, Plaintiff fails to offer any authority to support his argument that the ALJ had a duty to explicitly reference each listing related to a claimant's severe impairments. Moreover, Plaintiff's argument seeks to elevate form over substance. While the ALJ may not have specifically cited to Listing 112.11 when discussing whether Plaintiff met any listing, the ALJ several times referred to Plaintiff's ADHD while considering whether Plaintiff functionally equaled a listing. (*See, e.g.*, Tr. 18 ("Medical evidence reveals that the claimant has a history of . . . ADHD"). Additionally, as mentioned above, the ALJ cited medical opinions that expressly considered Listing 112.11 (and found Plaintiff did not meet it) when evaluating whether Plaintiff functionally equaled a

7

listed impairment. (*See* Tr. 23) (citing Drs. Lingen's and Sawyer's opinions regarding Listing 112.11 when concluding Plaintiff had less than marked limitations in acquiring and using information)). Thus, the court can easily determine that the ALJ was aware of Plaintiff's ADHD and considered it. Although the ALJ did not explicitly cite Listing 112.11 when finding Plaintiff did not meet any listing-level impairment, the ALJ explicitly considered Plaintiff's ADHD during other portions of the step-three analysis and cited opinions of physicians who expressly found Plaintiff did not meet Listing 112.11. Any error here appears to be typographical rather than substantive. Accordingly, the court finds Plaintiff has identified no error.

1. *Even assuming the failure to expressly reference Listing 112.11 constitutes error, the court finds it harmless*

Finally, assuming for sake of argument the ALJ's omission of an express reference to Listing 112.11 and the criteria describing that listing constitutes error, the court finds that error is harmless. Tenth Circuit precedent counsels against "remand for a more thorough discussion of the listings when confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005); *see also Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (noting lack of harm where record lacked evidence to suggest claimant met a listing the ALJ did not address). As previously discussed, the only evidence brought to this court's attention supports a finding that Plaintiff did not meet Listing 112.11. (*See* Tr. 21, 115–16, 125–27). Plaintiff cites no evidence to suggest he met the necessary criteria to be considered disabled under Listing 112.11. His reply cites a number of opinions assessing him low Global Assessment of Functioning ("GAF") scores, but offers no authority to show these scores required the ALJ to find Plaintiff

met the criteria for Listing 112.11.[1] Based on the foregoing, the court finds the ALJ committed no harmful error in finding Plaintiff did not meet the ADHD Listing.

### b. Plaintiff identifies no error in the ALJ's analysis of Plaintiff's substance abuse

The ALJ expressly delineated which findings related to Plaintiff's period of minority and those that related to Plaintiff when he turned eighteen. Plaintiff cites to the District of New Mexico's unpublished decision in *Villanueva v. Colvin* to support his argument on this point, but offers only a single quote from that case without meaningful discussion of its application here. The court finds the *Villanueva* case bears almost no resemblance to Plaintiff's. The District of New Mexico remanded in *Villanueva* because it could not discern where the ALJ addressed the minor versus adult standards for disability. *Id.* at 9. This difficulty arose primarily because the ALJ in that case failed to address the six domains relevant to childhood disability. *Id.* at 10. The ALJ in *Villanueva* also found the claimant met the criteria for the listed impairment for substance abuse, but did not analyze whether he would be disabled in the absence of his substance abuse. *Id.* The ALJ also failed to address the claimant's substance abuse as an adult, even though the record contained evidence he used drugs after turning eighteen. *Id.* at 10–11. On that record, the district court found it could not meaningfully assess the ALJ's decision because it was unclear where the discussion of minor disability ended and adult disability began.

Here, the ALJ committed none of these missteps. The ALJ clearly and explicitly delineated the bounds of analysis regarding Plaintiff's period of minority and adulthood. *Compare* Tr. 17 (discussing Plaintiff's impairments "[b]efore attaining age 18") *with* Tr. 29

---

[1] GAF scores alone demonstrate very little about a claimant's impairments. *Eden v. Barnhart*, 109 F. App'x 311, 314 (10th Cir. 2004) ("Because a [GAF score] may not relate to [claimant]'s ability to work, the score, standing alone, without further explanation, does not establish an impairment severely interfering with an ability to perform basic work activities.")

9

(discussing Plaintiff's impairments "[s]ince attaining age 18"). The ALJ also discussed the six domains relevant to childhood disability in great detail. (*See* Tr. 22–28). The ALJ later analyzed whether Plaintiff would be disabled in the absence of his substance abuse and concluded he would not be disabled. (*See* Tr. 32–37). The ALJ also clearly delineated between Plaintiff's substance abuse as a minor and as an adult. *Compare* Tr. 24 (discussing medical evidence during Plaintiff's minority) *with* Tr. 31, 34 (discussing medical records after Plaintiff turned eighteen). Accordingly, even if the court found *Villanueva* fully persuasive, the court finds *Villanueva* does not provide a proper basis on which to remand this case. Plaintiff does not address this argument in his reply. Further, the Commissioner offers several additional arguments in her brief supporting the propriety of the ALJ's evaluation of Plaintiff's substance abuse. (ECF No. 25 at 11–14). Thus, the court finds no error in the ALJ's treatment of Plaintiff's substance abuse.

### c. Plaintiff improperly invites the court to reweigh evidence relevant to his ability to acquire and use information

Plaintiff does not identify any lack of substantial evidence supporting the ALJ's finding regarding Plaintiff's ability to acquire and use information. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) The court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Plaintiff does not address the evidence supporting the ALJ's decision, or describe any legal error the ALJ committed while analyzing the evidence. Instead, Plaintiff recites the evidence he finds favorable to his position. Accordingly, Plaintiff's argument invites the court to reweigh the evidence before the ALJ. This court cannot reweigh this evidence. The favorable evidence Plaintiff cites is not so overwhelming that the ALJ's decision was unreasonable. The

Commissioner cites ample evidence that supports the ALJ's finding that Plaintiff suffered less than marked ability to acquire and use information. (*See* ECF No. 25 at 8–10). For example, the ALJ cited two State Agency physician's opinions, Plaintiff's mother's testimony about his daily activities, and school records. (Tr. 23). Understandably, Plaintiff would have liked the ALJ to interpret the evidence differently. But the court is not in a position to reweigh that evidence.

Moreover, the court will not overturn the ALJ's decision on the basis of evidence subject to a different interpretation than the ALJ adopted. This court cannot overturn the ALJ's "choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Plaintiff contends the ALJ should have considered a report undertaken by Plaintiff's school as contradictory to the State Agency physicians' opinions. (ECF No. 23 at 20) (citing Tr. 319). Yet the ALJ expressly addressed this information while discussing Plaintiff's ability to acquire and use information. (Tr. 23) (referring to Tr. 319 by its exhibit number, 14E). Plaintiff does not demonstrate that the ALJ's interpretation of this exhibit was impermissible. The court's own review suggests the ALJ fairly interpreted the information in this exhibit. Accordingly, the court may not overturn the AJL's decision on the basis of this information.

### d. Plaintiff identifies no error in the ALJ's credibility determinations regarding Plaintiff or his mother

The ALJ's credibility determination is supported by substantial evidence. The seminal Tenth Circuit case discussing the appropriate standard for reviewing credibility determinations is *Kepler v. Chater*, which the court later summarized as follow: "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). *Kepler* provides examples of factors an ALJ might consider:

11

>the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ complied with this precedent.

The ALJ found claimant's testimony less than credible because it conflicted with some of the medical evidence of record. (*See* Tr. 19). The ALJ also considered Plaintiff's history of underreporting his substance abuse. (*See id.*) These considerations appear to be well within the permissible topics outlined in *Kepler*. Plaintiff does not appear to argue otherwise. Instead, he sets forth contrary evidence and implicitly asks the Court to reweigh the evidence before the ALJ, which the court may not do.

The ALJ afforded Plaintiff's mother's testimony little weight because the ALJ expected her to be "somewhat partial toward her son." (Tr. 22). The ALJ's statement is consistent with the terms of *Kepler* because the ALJ considered the nature of the relationship between Plaintiff and his mother. The ALJ also permissibly noted Plaintiff's mother's testimony conflicted with other evidence, including medical opinions. (*See id.*) The ALJ also noted Plaintiff's mother's failure to account for Plaintiff's substance abuse. (*See id.*) Again, the ALJ was permitted to consider these items under *Kepler*.

Also, the ALJ met the standard governing review of lay witness testimony. The standard for evaluating lay witness testimony is more lenient than the standard for evaluating a claimant's testimony. *See* SSR 06-3p, 2006 WL 2329939 at *6 (stating the ALJ may "consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence" when considering opinions from non-medical sources). To the extent Plaintiff's mother can be considered a lay

witness, the court also finds no error under SSR 06-03p. Based on the foregoing, the court finds no error in the ALJ's credibility determinations.

## VI. RECOMMENDATION

Based on the forgoing, the court **RECOMMENDS** that the district court **AFFIRM** the Commissioner's decision.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 5th day of March 2018.

_____
Dustin B. Pead
United States Magistrate Judge